## IN THE MATTER OF RESTRICTIONS UPON CONTRACT LABORERS.

OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE LEGISLATURE.

Restrictions limiting proposing immigrants to this country as to length of residence, character of employment, etc., can be imposed by statute law upon citizens of countries with which this Kingdom has no treaties to the contrary, as a condition of their being allowed to enter this Kingdom.

DEPARTMENT OF THE JUDICIARY,
HONOLULU, H. I. November 5, 1890.

*To the Honorable Legislature of the Hawaiian Kingdom:*

The Justices of the Supreme Court have had the honor to receive certain questions whereon their opinion is required by your honorable body.   They are as follows:

1.   According to the provisions of our Constitution, can a contract laborer be deported from the Kingdom at the expiration of his contract?

2.   Can any person enter into a legal and binding undertaking with the Hawaiian Government or any other parties, either before, at the time of or upon entering the Kingdom, that he will engage in no other occupation than that of an agricultural

laborer during the term of his contract; that if found out of employment during the term of his contract or engaged in any occupation or employment other than that agreed upon, he may be arrested and held in custody until an opportunity occurs to deport him to his native country?

3. Can any person enter into a legal and binding undertaking with the Hawaiian Government or any other parties, either before or at the time of or upon entering the Kingdom, that during the term of his residence or employment in the Hawaiian Kingdom he shall not be entitled to exercise the rights of an Hawaiian citizen, but shall be restricted to the term of residence and employment named in the contract or permit to enter the Kingdom?

4. Can any person enter into a legal and binding undertaking with the Hawaiian Government or any other parties, that upon the condition of permission to enter this Kingdom, at or before the expiration of the term or terms named in such agreement or permit, if found within the Kingdom, he or they may be legally arrested and held in custody until an opportunity offers to deport him or them to his or their native country?

In answer to the first question, if by a "contract laborer" is meant one who is already lawfully in this Kingdom and engaged to labor for another under a written contract, we are of opinion that he, the laborer, cannot be deported from the Kingdom at the expiration of his contract. Such deportation or banishment not having been made by statute law a punishment for crime, and the laborer not having been convicted of such crime (for which banishment is the penalty), he cannot be deported from the Kingdom without a plain violation of the first Article of the Constitution.

We notice that in the remaining three questions submitted to us the terms "undertaking," "contract," "agreement" and "permit to enter the Kingdom" are used interchangeably and synonymously. But a wide distinction exists between the right of the Government to permit aliens, citizens of a nation with which this Kingdom has no treaty conceding this right, to enter the Kingdom under conditions, and the power of an individual who has

the right by treaty to enter this Kingdom and reside here, to make a binding contract waiving all those rights, and subject himself to penalties for its violation. The former is the act of the Government, which the individual can accept by coming to this country, subject to the law imposing the conditions. The latter is the act of the individual which the policy of the law will not allow him to do.

Citizens of states who have treaties with the Hawaiian Kingdom, allowing free ingress and egress of the citizens of each contracting power into the territory of the other, could not be held amenable to a Statute of the Hawaiian Legislature (although later in date than the treaty) restricting their term of residence in this Kingdom, etc., except in violation of such treaty.

And the Court could not sustain a contract, although made voluntarily, if made by a person who has the right by treaty to enter into and reside in this Kingdom, by which he agrees to limit his term of residence here and confine himself to a particular occupation and subject himself to arrest and banishment for the violation of the agreement. If a person who is lawfully within this Kingdom cannot by any statute be deprived of the rights secured to him by the first Article of the Constitution, he cannot deprive himself of those rights by his own contract.

If the persons meant in the questions are citizens of states with which we have treaties of the character above indicated, we are obliged to answer the questions in the negative.

If these persons, however, are citizens of countries with which we have no such treaties, the case is different. No person has the right to enter a foreign country against the will of the foreign State, unless the right has been conceded by treaty. Every State has, as an attribute of sovereignty, the right to impose conditions and restrictions upon the entry of foreigners within its territory, unless it has by treaty conceded that such entry shall be without condition. The Legislature is the judge whether such conditions and restrictions are essential to the welfare, peace and safety of the State. And the Legislature has the power to make such conditions and restrictions effectual

by the imposition of penalties and by deportation in case of violation.

Therefore, if the persons meant in the questions are those of countries with whom we have no treaties, we answer the question in the affirmative.

The third question we do not fully understand. The agreement of a person that he will not be entitled to exercise the rights of a Hawaiian citizen during the term of his residence or employment in the Hawaiian Kingdom, but that he should be restricted to the term of residence and employment named in the agreement, is without force or meaning. For none but "citizens," either native or naturalized, are entitled to exercise the rights of Hawaiian citizens. Aliens can only acquire these rights by naturalization or denization. If the question means to ask us whether an individual can by his contract waive his rights to the protection of the law as regards his life, liberty and property, we answer that he cannot. He cannot by contract make himself an outlaw. And we doubt if aliens of a non-treaty power can contract to waive their rights to the protection of the law, since they cannot absolve themselves by contract from the obligation to obey the law.

We refer to the cases of *Chow Bick Git*, 4 Hawn., 385; *The King vs. Leong Tiam*, 7 Hawn., 338; *In Re Man Nun*, 7 Hawn., 454; *The Passenger Cases*, 7 Howard, 520 *et seq.*

Vattel, Law of Nations, Book 2d, Chap 8, Sec. 99: "Since the lord of the territory may, whenever he thinks proper, forbid its being entered, he has, no doubt, a power to annex what conditions he pleases to the condition to enter."

We summarize our answers as follows:

Restrictions of the character mentioned in the questions submitted can be imposed by statute law upon citizens of countries with which this Kingdom has no treaties, as a condition of their being allowed to enter this Kingdom.

Respectfully submitted,

A. F. JUDD,<br>
LAWRENCE McCULLY,<br>
RICHD. F. BICKERTON.

37

Mr. Justice Dole, being absent on Circuit, does not join in this opinion.